MAX GARE AND JACOB STEIN, TRADING AS GARE & STEIN, PLAINTIFFS-APPELLANTS, v. FRANK GUMINA AND JOSEPHINE GUMINA, INDIVIDUALLY AND TRADING AS HIGH SCHOOL SWEET SHOP, DEFENDANTS-RESPONDENTS.

Argued January 22, 1936—Decided July 31, 1936.

Before Justices HEHER and PERSKIE.

For the appellants, *Benjamin Arons.*

For the respondents, no appearance.

The opinion of the court was delivered by

HEHER, J. This is an action in replevin. Plaintiffs demanded possession of chattels sold under three bills of conditional sale, viz.: (1) On December 27th, 1932, to defendant Frank Gumina, upon which payments totaling $101.50 (the balance of the contract price) were in default; (2) on February 18th, 1931, to one Capella, the obligation of which was assumed by defendant Frank Gumina upon which the sum of $49 (likewise the balance of the agreed price) was in arrears; and (3) on October 9th, 1931, to defendant Josephine Gumina upon which the total sum in default was $325 (also the balance of the stipulated price). The plaintiffs, by affidavit, fixed the aggregate value of the goods at $450; and in the state of demand they averred the value of the goods covered by the first mentioned contract to be $75, a like value for those made the subject of the second contract, and $300 for the chattels embraced by the third. The defendants gave bond under the statute, and retained possession.

The District Court judge, sitting without a jury, awarded to plaintiffs, on the first count, judgment "of possession;" on the second count, judgment "in possession" in favor of the defendant Frank Gumina; and on the third count, judgment in favor of the plaintiffs and against defendant Josephine Gumina for $56.18, "representing the value of the goods plus damages."

Plaintiffs appeal; and their principal insistence is that there was error "in entering judgment for the plaintiffs for possession of the chattels instead of the value thereof."

First: The statute, section 127 of the District Court act, provides that "if the plaintiff recover," where the defendant gives bond and retains possession, "the court or the jury, if there be a jury, shall find the value of the goods and chattels as well as the damages of the plaintiff, and the plaintiff shall have judgment thereon in damages as well for the value of the goods and chattels as for taking and detaining them." 2 *Comp. Stat.* 1910, *p.* 1994.

In *Nelson* v. *Bock,* 84 *N. J. L.* 123, this court, in an opinion by Mr. Justice Parker, held that the result of rebonding by the defendant is "to turn the suit into an action for damages for the value of the property or for the return of the goods to plaintiff, at the option of the plaintiff," citing *Lembeck & Betz Brewing Co.* v. *Tarrant,* 79 *Id.* 372. See, also, *Independent Aetna Sprinkler Corp.* v. *Morris,* 111 *Id.* 457. Such being the state of the law, the appellants are not entitled to prevail on this point. The agreed state of the case exhibits a motion for the direction of a verdict in their favor, but it nowhere appears that they sought judgment for the value of the goods. And the state of the case does not show that the judge found the value thereof, as would have been his duty in event that plaintiffs exercised their option in favor of this form of recovery.

Second: As to the second count, there was evidence to sustain the basic finding that the defendants had not defaulted in the making of the payments stipulated in the contract; and it is the settled rule that, on an appeal from a judgment of the District Court, findings of fact on conflicting evidence will not be reviewed.

Third: Judgment on the third count was expressly stated to be for the "value of the goods plus damages." The state of the case also shows that the award was so based. It is insisted that there was no evidence to sustain this finding of the value of the goods. The plaintiffs' evidence of value, so far as disclosed by the state of the case, was confined to the "present;" the record does not show the value at the time of the tortious taking. Moreover, the state of the case does not exhibit the entire absence of all other evidence bearing upon this issue; and it is well settled that, in the absence of anything to the contrary, a fact found by the District Court is presumed to rest upon competent proof, and the appellate court will also assume a finding of fact that will support the judgment. *Pollack* v. *New Jersey Bell Telephone Co.,* 116 *N. J. L.* 28.

The point that there should have been a judgment against the defendants jointly is frivolous.

Judgment affirmed, with costs.